UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAITLIN SIMMER, | HONORABLE ROBERT B. KUGLER |
| Plaintiff, | CIV. NO. 15-2285 (RBK/JS) |
| v. | **OPINION** |
| FAWN KEHLER, ESQUIRE, et al. | |
| Defendants. | |

**KUGLER**, United State District Judge:

This is a civil rights lawsuit that comes before the Court on Defendant Fawn Kehler's Motion to Dismiss ("Def.'s Mot.") [Dkt. No. 12]. Kehler seeks to have the complaint against her be dismissed. For the reasons that follow, Defendant's Motion is **GRANTED-IN-PART** and the complaint against Kehler is **DISMISSED**.

I.   **BACKGROUND**

The following facts are alleged in the First Amended Complaint (the "FAC") [Dkt. No. 13].[1] Plaintiff, Kaitlin Simmer, met with Kehler at a bar in Stone Harbor, New Jersey on July 2, 2014. Following a period of time during which Simmer recalls having a mixed drink, a shot, and half of a beer, Simmer got into a car with Kehler and four men, and remembers nothing after that. Simmer next remembers waking in a stranger's home the next morning. Upon waking, she immediately fled the home, leaving behind her purse. The homeowners called Stone Harbor Police to let them know they had Simmer's purse, and a police officer went to the home to

---

[1] The instant motion was filed before the First Amended Complaint, and so references within the motion are to the original Complaint [Dkt. No. 1]. Because the allegations with respect to Kehler are materially the same, the Court has not required any additional filings from Kehler to align her motion with the First Amended Complaint.

1

retrieve Simmer's purse. When Simmer went to the police station to retrieve her purse, she was arrested for criminal trespass, handcuffed to a bench for approximately two hours, and in custody for approximately eight hours total.

Simmer feared that she had been drugged, causing her not to remember what happened for a period of time. She also feared that she had been raped during the period she cannot remember. Simmer consented to a blood test, the findings of which she has never seen. Simmer also initially consented to undergo a rape kit examination, but then declined.

At some point, Kehler was interviewed by the police, and disputed Simmer's recitation of events. Kehler falsely told the police that she had not entered the vehicle with Simmer and the four men, and had attempted to get Simmer to go home with her separately. Kehler then allegedly coordinated with the police in order to have Simmer arrested and prosecuted without probable cause.

On August 20, 2014, the Cape May County Prosecutor's Office dismissed the criminal charges against Simmer. Simmer then filed the instant lawsuit in federal court, claiming violations of her Fourth and Fourteenth Amendment rights as actionable under 42 U.S.C. § 1983, the New Jersey Civil Rights Act (the "NJCRA"), and New Jersey common law. Specifically, as to Kehler, Simmer alleged that Kehler's actions were committed under the color of state law and as such contributed to the malicious prosecution, false arrest, and wrongful search and seizure of Simmer. Kehler now moves to dismiss the claims against her.

## II.     JURISDICTION

Simmer raises claims under federal civil rights law, 42 U.S.C. § 1983, the NJCRA, N.J.S.A. 10:6-2, and New Jersey common law. This Court has jurisdiction over Simmer's

federal claim pursuant to 28 U.S.C. § 1331, and may choose to exercise its supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.[2]

### III.     STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that make a right to relief more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept all allegations in the plaintiff's complaint as true, viewing them in the light most favorable to the plaintiff, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast as factual allegations. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV.     DISCUSSION

#### A.     CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983 AND THE NJCRA

Simmer brings claims against Kehler under both federal and state civil rights laws. The federal civil rights law, 42 U.S.C. § 1983, "subjects to liability those who deprive persons of federal constitutional or statutory rights 'under color of any statute, ordinance, regulation, custom, or usage' of a state." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (quoting 42 U.S.C. § 1983). "[A] plaintiff seeking to hold an individual liable under § 1983 must establish

---

[2] The Court will ultimately decline to exercise supplemental jurisdiction over the state law claims of malicious prosecution and false arrest. *See infra*, Section IV.B.

that she was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Similarly, the NJCRA subjects to liability "a person acting under color of law." N.J.S.A. 10:6-2(c). Kehler seeks to have all claims brought against her under federal and state civil rights laws dismissed on the grounds that she is not a state actor.

Courts of this district have consistently interpreted § 1983 and the NJCRA analogously. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443–444 (D.N.J. 2011) (collecting cases). Accordingly, the claims under § 1983 and the NJCRA will be analyzed together, and must rise or fall together.

To establish one as being a state actor, "[t]he principal question at stake is whether there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko*, 423 F.3d at 339 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)) (internal quotations omitted). The Third Circuit has provided three broad tests to determine whether state action exists:

> (1) [W]hether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach*, 589 F.3d at 646 (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d. Cir. 1995)) (alterations and internal quotation marks omitted).

Simmer's claims under the civil rights laws are based on the premise that Kehler gave knowingly false information to the police, and subsequently conspired with them to have Simmer arrested and charged with trespass. Simmer makes no other allegations that Kehler would be a state actor in any other manner, and concedes as much in her opposition. Pl.'s Opp. [Dkt. No.

4

19] at 9–10.³  Simmer fails to sufficiently plead that Kehler was a state actor, and so the civil rights claims against Kehler will be dismissed.

Merely giving information to police officers is insufficient to convert a private party into a state actor.  *See Braxton v. Lenhardt*, Civ. No. 12-5155 (RBK), 2013 WL 3336685, at *7 (D.N.J. July 2, 2013) (finding no state action where a private party "merely responded to what appeared to be a legitimate police request for information regarding criminal activity"); *see also Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions take 'under color of law.'"); *Cooper v. Muldoon*, Civ. No. 05-4780, 2006 WL 1117870, at *2 (E.D. Pa. Apr. 26, 2006) ("Merely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor."); *Fisk v. Letterman*, 401 F. Supp. 2d 362, 367 (S.D.N.Y. 2005) ("[A] private party who calls police officers for assistance or provides them with information that may lead to an arrest of an individual does not become a state actor . . . unless the police officers were improperly influence or controlled by the private party.").

This remains true even if the information given is false.  *See Collins v. Christie*, Civ. No. 06-4702, 2007 WL 2407105, at *4 & n.9 (E.D. Pa. 2007) (finding no state action on the basis of giving statements to the police, even if knowingly false) (citing *Kahermanes v. Marchese*, 361 F. Supp. 168, 171 (E.D. Pa. 1973) ("The deliberate giving of false information by an individual to a police officer to cause the arrest of another does not give rise to a cause of action under the Civil

---

³ Plaintiff's Opposition has no page numbers, so all citations to Plaintiff's Opposition are to the page numbers assigned by the CM/ECF system.

Rights Acts.")); *Gilbert v. Feld*, 788 F. Supp. 854, 860 (E.D. Pa. 1992) (finding no state action where the complaint alleged that the private party provided the District Attorney with "false and misleading information in order to instigate criminal charges against plaintiff."). Accordingly, the mere act of Kehler speaking to the police and providing information, which for the purposes of this motion is assumed to be false information, does not in and of itself make Kehler a state actor.

However, providing false information to the police, coupled with a conspiracy to violate constitutional rights, can transform a private actor into a state actor. *Cf. Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006) ("[I]n the absence of a conspiracy with the police to violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor.") (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)); *see also Pugh v. Downs*, 641 F. Supp. 2d 468, 474–75 (E.D. Pa. 2009) ("The deciding inquiry [to determine state actor status] was whether the state official surrendered the exercise of its official judgment to a private party, either pursuant to an agreement or statute, thus turning the private party into a state actor.") (citing *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922 (1982) and *Cruz v. Donnelly*, 727 F.2d 79 (3d Cir. 1984)).

In order to sustain a claim that Kehler acted in concert with the police at the pleading stage, Simmer "must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). The pleading must provide "enough factual matter (taken as true) to suggest that an agreement was made." *Id.* (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted). In her claim of a conspiracy between Kehler and the police, Simmer pleads:

> Upon information and belief, the police colluded with Kehler, solicited and/or even encouraged the aforesaid false reporting. . . . To perpetuate her misconduct,

6

>Defendant, Kehler clothed herself with the color of state authority through the use of Defendant, Stone Harbor Police Department.  Kehler and the Borough of Stone Harbor arrested and/or coordinated by mutual agreement Plaintiff's arrest, without probable nor any cause.

FAC ¶¶ 22, 27.

The Third Circuit in *Great Western Mining* explained in analyzing a conspiracy claim on an appeal from a motion to dismiss, "we do not consider any conclusory allegations that there was 'a corrupt conspiracy,' 'an agreement,' or 'an understanding in place between the Defendants and the [government entity].'"  615 F.3d at 178 (citing *Iqbal*, 556 U.S. at 679–81).  Here, too, this Court disregards the conclusory allegations of Simmer that "the police colluded with Kehler", that "Kehler clothed herself with the color of state authority," and that "Kehler and the Borough of Stone Harbor arrested and/or coordinated by mutual agreement Plaintiff's arrest."  FAC ¶¶ 22, 27.  Further, Simmer has pleaded no facts to suggest any meeting of the minds.  Like the complaint in *Great Western Mining*, Simmer's complaint "sets for merely a conclusory allegation of agreement at some unspecified point, which does not supply facts adequate to show illegality."  615 F.3d at 179 (quoting *Twombly*, 550 U.S. at 557) (alterations and internal quotations omitted).

The case Simmer points to in support of her position, *Luck v. Mt. Airy No. 1, LLC*, 901 F. Supp. 2d 547 (M.D. Pa. 2012), is inapposite.  The court in *Luck* specifically rejected the proposition that speaking to the police made the private party a state actor, remarking, "the mere fact that a private actor called the police does not transform him into a state actor."  901 F. Supp. 2d at 562 n.7 (citing *Cooper v. Muldoon*, Civ. No. 05-4780, 2006 WL 1117870, *2 (E.D. Pa. Apr. 26, 2006)).  What the court relied on to deem the private parties state actors was that "the [police] allowed [the private parties] to substitute its judgment in deciding whether to arrest the

7

plaintiffs for criminal trespass." *Id.* at 562–63.  That is not the case here, and Simmer does not allege as such in the FAC.

Therefore, the complaint does not adequately plead that Kehler was a state actor, Kehler's motion will be granted with respect to all claims against her under 42 U.S.C. § 1983 and the NJCRA, and the civil rights claims against Kehler will be dismissed.

### B.     COMMON LAW FALSE ARREST AND MALICIOUS PROSECUTION

Once the federal claims have been dismissed against Kehler, Simmer requests that this Court dismiss the remaining state law claims.  Pl.'s Opp. at 8.  The supplemental jurisdiction statute contemplates this type of situation, and states that this Court "may decline to exercises supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In the Third Circuit, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis added in original).

As such, this Court declines to exercise supplemental jurisdiction over the state law claims of false arrest and malicious prosecution pursuant to 28 U.S.C. § 1367(c)(3), and will dismiss Simmer's remaining claims against Kehler.

### C.     REQUESTS TO AMEND AND CONDUCT LIMITED DISCOVERY

Finally, Simmer's opposition includes two requests:  (1) leave to amend her complaint to cure any deficiencies, Pl.'s Opp. at 7; and (2) permission to conduct limited discovery on the issue of whether Kehler was a state actor, Pl.'s Opp. at 9.  Both requests are denied.

Permitting Simmer leave to amend her complaint would be giving Simmer a second bite at the apple. "A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Inv. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002). Simmer was aware of the issues in Kehler's motion to dismiss, which was originally filed on May 28, 2015 and filed an amended complaint on June 22, 2015 in response. *See* Order Retroactively Granting Plaintiff Leave to Amend the Complaint (July 16, 2015) [Dkt. No. 18]. Following the Court's order of July 16, 2015 granting Simmer retroactive leave to amend her complaint, Simmer filed her opposition to Kehler's original motion to dismiss on July 20, 2015. Accordingly Simmer's request will be denied.

As to Simmer's request to conduct limited discovery into Kehler's status as a state actor, this too will be denied. Simmer points to no authority in support of her request. Kehler's reply directs this Court to Federal Rule of Civil Procedure 11(b)(3), and argues that this rule does not contemplate the relief Kehler requests. Def.'s Reply [Dkt. No. 20] at 3. This Court agrees, and as such, this request will also be denied.

## V.     CONCLUSION

For the foregoing reasons, Kehler's Motion to Dismiss will be granted-in-part with respect to all of the civil rights claims under 42 U.S.C. § 1983 and the NJCRA, this Court will decline to exercise supplemental jurisdiction over the state law claims, and the complaint against Kehler will be dismissed. An appropriate order accompanies this opinion.

Date:  November  2nd , 2015

                                       s/ Robert B. Kugler
                                      ROBERT B. KUGLER, U.S.D.J.